IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 14-cv-03115-PAB

In re: DANIEL J. CUPIT

    Debtor

---

MACARTHUR COMPANY,

    Plaintiff-Appellee,

v.

DANIEL J. CUPIT,

    Defendant-Appellant.

---

# ORDER

---

This matter is before the Court on defendant-appellant Daniel Cupit's Motion to Alter or Amend Order [Docket No. 25].  On September 29, 2015, the Court found that Mr. Cupit failed to provide a sufficient record and that failure precluded him from establishing reversible error in this bankruptcy appeal.  *See generally* Docket No. 23. Mr. Cupit moves for reconsideration of the Court's order pursuant to Fed. R. Civ. P. 59(e).  Mr. Cupit argues that he complied with his obligation under Fed. R. Bankr. P. 8009 by filing a Designation of Record on Appeal which included the relevant trial exhibits (*see* Docket No. 8), after which it was the bankruptcy clerk's responsibility to transmit the appellate record.  *See generally* Docket No. 25.

Relief under Fed. R. Civ. P. 59(e) is warranted where the party can show "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, [or]

(3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  A decision or action by the Court constitutes "clear error" if it "appears to a reviewing court to have been unquestionably erroneous."  Black's Law Dictionary 582 (8th ed. 2004).  A Rule 59 motion may be granted "where the court has misapprehended the facts, a party's position, or the controlling law."  *Servants of the Paraclete*, 204 F.3d at 1012.  The rule does not, however, afford a license to revisit arguments that were already addressed or to advance new arguments that could have been raised but were not.

The Court declines to amend its order in this matter.  First, when this appeal was opened, Mr. Cupit was ordered that, "[w]hen referencing trial exhibits[,] you must attach copies to your brief."  Docket No. 5.  This ground alone is sufficient to deny Mr. Cupit's motion.  Second, the local bankruptcy rules in effect at the time Mr. Cupit designated his record directed counsel for the parties to "provide their exhibits pursuant to the appellate court's direction" to enable the bankruptcy clerk to comply with his responsibility to designate the record.  D.C.COLO.L.B.R. 9070-1(a)(3).[1]  Third, the bankruptcy clerk transmitted the record on December 31, 2014.  Docket No. 10.  Plaintiff was on notice of any deficiencies in the record as of that date, yet made no attempt to correct the record.  Where an appeal is pending, Fed. R. Bankr. P. 8009(e)(2) authorizes the court to correct any material omissions in the record.  As appellee argues, Docket No. 27 at 2, this suggests that it is the parties' responsibility to

---

[1] The Court's citation to the local bankruptcy rules refers to the version in effect as of December 2, 2014, when plaintiff designated the record in this matter.  *See* http://www.cob.uscourts.gov/files/mrfa_july2014.pdf.

review the record transmitted by the bankruptcy clerk and, upon noticing any deficiency, to alert the Court and seek appropriate relief. Plaintiff did not do so and, as a result, the record in this case was insufficient to provide for meaningful appellate review.

Accordingly, it is

**ORDERED** that defendant/appellant Daniel J. Cupit's Motion to Alter or Amend Order [Docket No. 25] is **DENIED**.

DATED March 16, 2016.

> BY THE COURT:
>
> s/Philip A. Brimmer
> PHILIP A. BRIMMER
> United States District Judge